FILED

2015 Dec-18  PM 04:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN  DIVISION

**DESIRE WHITFORD,**               ]
                                   ]
    **Plaintiff,**              ]
                                   ]
**v.**                             ]
                                   ]      **CV-15-BE-1678-S**
**SUB-LINE ASSOCIATES, INC.**      ]
                                   ]
    **Defendant**.              ]
                                   ]
                                   ]

## <u>MEMORANDUM OPINION</u>

This matter is before the court on "Sub-Line Associates, Inc.'s Motion to Transfer Venue."  (Doc. 8).  The Plaintiff responded (doc.10), and Defendant replied (doc. 13); this motion has received thorough briefing.  For the reasons stated in this Memorandum Opinion, the court WILL DENY the motion.

Both parties agree that 42 U.S.C. § 2000e-5(f)(3) provides that a plaintiff may bring Title VII actions "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," and, thus, that the instant case is properly in the Northern District of Alabama.  *See Richardson v. Ala. State Bd. of Educ.,* 935 F.2d 1240, 1248 (11th Cir. 1991) (explaining that 42 U.S.C. § 2000-5(b)(3) "means anywhere in the relevant state.").  Both parties also agree that the choice of the Southern *Division* as a forum is allowed under Title VII. *See* Reply Br. Doc. 1, at 2 ¶ 3.   Defendant asserts, however, that the Middle Division would be a more convenient forum; because the alleged actions all occurred in the Middle Division and the

relevant records and currently-known witnesses would be located in that division, it requests this court to transfer the case from the Southern Division to the Middle Division to promote convenience.

As the current venue of this Title VII action is not *wrong,* the court treats this motion as motion to transfer pursuant to § 1404 rather than § 1406(a).  Section 1404 provides:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

> (b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.

28 U.S.C. § 1404.

"The federal courts traditionally have accorded a plaintiff's choice of forum considerable deference[;] in the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient."  *In re Ricoh Corp.,* 870 F.2d 570, 573 (11th Cir. 1989) (*per curiam)*.  Thus, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."  *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir. 1996).

The Eleventh Circuit has identified the following factors as relevant to analyzing a motion to transfer under § 1404(a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

2

*Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005).

After having considered these factors in this case, the court FINDS, in its discretion, that Defendant has not met its burden to show that the Middle Division is more convenient and that transfer is in the interest of justice. It has not convinced this court that the other factors listed above clearly outweigh the Plaintiff's choice of forum. For example, the Defendant's facility is only 73 miles from Birmingham. Defendant has provided no evidence that persons named in the complaint and/or people who are key witnesses would be outside the 100-mile subpoena range referenced in Rule 45(c)(1)(A), that officers are beyond the statewide provision referenced in Rule 45(c)(1)(B), or that they would incur substantial expense as referenced in Rule 45(c)(1)(B)(ii). Fed. R. Civ. P. 45(c)(1). The Defendant has not convinced the court that the existence of records 73 miles away poses a substantial difficulty to offering them at proceedings in the Southern Division in this digital age. Accordingly, the court, in its discretion, WILL DENY the motion to transfer.

Dated this 18th day of December, 2015.

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE

3