# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DESIRE WHITFORD,** | ] |
| **Plaintiff,** | ] |
| v. | ] |
| | ]   CV-15-BE-1678-S |
| **SUB-LINE ASSOCIATES, INC.** | ] |
| **Defendant**. | ] |

## MEMORANDUM OPINION[1]

This matter is before the court on "Plaintiff's Motion for Attorney's Fees and Expenses" (Doc. 57) and "Plaintiff's Supplement to Motion for Attorney's Fees and Expenses" (doc. 67). Defendant filed oppositions to these motions (docs. 59 & 68),  and the Plaintiff replied (doc. 60) to the first response.  For the reasons stated in this Memorandum Opinion, the court WILL GRANT in part and WILL DENY in part the motions.

Ms. Whitford's original motion for fees and expenses seeks reimbursement for attorneys fees of $176,375.00 and $8,595.05 in costs for a proposed award of $184,970.05.  Her reply requests an additional $940 for preparing that document.  The supplement requests an additional

---

[1] The court recognizes that Sub-Line filed a notice of appeal (doc. 69) after the Plaintiff filed the motion and supplement; however, the court retains jurisdiction to address these motions for attorney fees notwithstanding the pending appeal. *See Rothenberg v. Sec. Mgmt. Co.,* 677 F.2d 64, 64-65 (11th Cir. 1982) (reversing and remanding the district court's denial of a motion for attorney's fees for lack of jurisdiction after the filing of a notice of appeal, holding that a "request for attorney's fees . . . was a motion for costs which the district court had jurisdiction over despite the filing of the notice of appeal").

1

$4,610.00 in fees to respond to the opposition brief and an additional $175.64 in expenses. Her original motion attached as Exhibit "A" the Declaration of her own attorney Jon Goldfarb, detailing his legal experience and that of his associates, including their hourly billing rates and those of those of the staff; presenting other facts, such as the contingency fee contract with Ms. Whitford and the history of his firm's representation of her; and opining that the time spent preparing for and litigating his case was reasonable and that the lodestar total is reasonable. Exhibit "B" is the itemized pre-bill listing work by attorney, hours, and rates; and also listing expenses. Exhibit "C" is a 2016 affidavit of Heather Leonard, who represented the Defendant in this case and who practices in Birmingham in the Northern District of Alabama and in the area of employment and civil rights litigation. This affidavit was prepared to support the fee petition of Wiggins Childs attorneys in another case, but counsel for the Plaintiffs filed and relied on it not only in that case but also the instant one. Ms. Leonard opined that the 2016 prevailing market rate in Alabama for skilled plaintiff's attorneys ranged from $275 to $550 per hour for non-contingent, litigation related work, and $85 to $150 for skilled paralegals. She specifically opined that the rates charged by the Plaintiffs' attorneys and paralegals in the other case,[2] which are the same as those charged in the instant case, were reasonable and consistent with the market rate in Alabama. Other attachments to the motion in this case are court opinions and orders that Ms. Whitford claims support the reasonableness of the requested award.

---

[2] In the other case, the lawyers and paralegal, and their requested hourly rates are the same as those in the instant case: Jon Goldfarb's rate was $450/hour, Daniel Arciniegas's rate was $250/hour, Lachlan "Will" Smith's rate was $250/hour, Sean Goldbarb's rate was $250/hour and paralegal Brooke Henderson's rate was $100/hour.

A. Attorney Fees

Ms. Whitford motion originally sought reimbursement for attorneys fees of $176,375.00. When Sub-Line objected to this request, the Plaintiff sought an additional $940 to reply to the original motion and $4,610.00 in fees for preparing the response to the motion to alter judgment, so the total fee award the Plaintiff now requests is $181,925.00.

The "starting point" in the objective determination of the value of lawyers' services is to calculate a "lodestar" figure, that is, "to multiply hours reasonably expended by a reasonable hourly rate." *Norman v. Hous. Author. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). The Supreme Court has "established a 'strong presumption' that the lodestar represents the 'reasonable fee' . . . ." *Burlington v. Dague,* 505 U.S. 557, 562 (1992) (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986)).

In determining the lodestar figure, the court may take into account the factors set forth in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717 (5th Cir. 1974). The twelve *Johnson* factors clude:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (1) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson,* 488 F.2d at 717-19.

*1. Hourly Rates*

The first determination is whether the requested hourly rates are reasonable.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman,* 836 F.2d at1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)). The burden of producing satisfactory evidence that the rates proffered coincide with prevailing market rates rests upon the petitioner.  *Id.*  The relevant legal community in this case is the Northern District of Alabama. *See Knight v. Alabama,* 824 F. Supp. 1022, 1027 n. 1 (N.D. Ala. 1993) ("The relevant legal community is the area in which the court sits, which in this case is the Northern District of Alabama.").

Ms. Whitford asks the court to approve the following hourly rates as reasonable: Jon Goldfarb—$450; Daniel Arciniegas—$250; Lachlan "Will" Smith—$250; and Brooke Henderson (paralegal)—$100.  Jon Goldfarb has 25 years of experience in civil rights and employment law litigation.  Daniel Arciniegas graduated from law school in 2006 and has eight years of employment discrimination and civil rights litigation experience.  Will Smith graduated from law school in 2009 and has at least seven years of civil rights and employment law litigation experience.  The court has had the opportunity to observe these attorneys in numerous cases, and the court notes that their experiences and abilities well justify the requested rates.

To support the reasonableness of her attorneys' fees, Ms. Whitford has offered the affidavit of Attorney Goldfarb (doc. 57-1) and an affidavit of Attorney Heather Leonard (doc. 57-3).  Ms. Leonard, who was defense counsel for this case, prepared the affidavit for a separate discrimination case tried before this court in 2016, *Henderson v. Mid-South Elec., Inc.,* Case No.

4

4:13-CV-1166. In her affidavit for the *Henderson* case, Ms. Leonard testified that the same rates listed above were reasonable for the same attorneys and paralegal. Ms. Leonard stated that Brooke Henderson's rate is reasonable for paralegal work and within the typical Alabama range of $85-$100 an hour. This court determined in *Henderson* that the same rates charged by the same attorneys and paralegal are reasonable in the Northern District of Alabama. *See id.*, doc. 68 (Sept. 27, 2016).

Sub-Line does not specifically object to the reasonableness of the fee rates listed, except to assert that the fee petition based merely on Jon Goldfarb's affidavit failed to provide sufficient evidence that the rates charged were reasonable. However, this argument ignores the affidavit of Heather Leonard, which does sufficiently address the reasonableness of the hourly *rates* of the same individuals.

Consistent with the ruling in *Henderson* regarding hourly rates and the court's familiarity with the fine reputation and skills of the lawyers, and keeping in mind the information presented *via* affidavit and the relevant *Johnson* factors, the court FINDS that the attorney and paralegal hourly rates are reasonable and within the prevailing market rate in the Northern District of Alabama for similar services by lawyers and paralegals of reasonably comparable skills, experience, and reputation.

### 2. *Hours Reasonably Expended*

The next step in computing the lodestar figure is to establish the number of hours reasonably expended. *See Norman,* 836 F.2d at 1301. The Supreme Court requires a petitioner to exercise "billing judgment" in the hours submitted; "[h]ours that are not properly billed to one's *client* are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley,*

461 U.S. at 434 (quoting *Copeland v. Marshall,* 641 F.2d 880, 891 (1980) (*en banc*) (emphasis in original)).  If the petitioner submits "hours that are excessive, redundant, or otherwise unnecessary," the court should reduce the number of hours accordingly.  *Id.* "[O]bjections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" *ACLU of Ga. v. Barnes,* 168 F.3d 423, 428 (11th Cir. 2000) (quoting *Norman,* 836 F.2d at 1301).  "Finally, in determining reasonable hours the district court must deduct time spent on discrete and unsuccessful claims." *Norman*, 835 F.2d at 1301 (citing *Hensley,* 461 U.S. at 435.  The decision about what hours are reasonably necessary "must be left to the discretion of the court."  *Norman,* 836 F.2d at 1301 & 1304.

In the instant case, Ms. Whitford requests reimbursement for 489.10 hours and attaches what she characterizes as "detailed documentation" of those hours.  As to the original motion, Sub-Line asserts that the number of hours expended was not reasonable for the following reasons: (1) Ms. Whitford did not prevail on all claims and recovered only a fraction of the damages sought, so the outcome was not successful or was only partially successful within the meaning of the federal statute allowing for prevailing parties to recover a reasonable attorney's fee, 42 U.S.C. § 1988; (2) Ms. Whitford is precluded from obtaining attorney's fees on the state law claims; (3) Ms. Whitford failed to clearly identify which billing items were related to which claims, so the court should simply reduce all hours by 1/3; and (4) Jon Goldfarb's affidavit does not provide sufficient evidence of the reasonableness of the time incurred, because he is counsel for Ms. Whitford, and because many of the time entries are inadequately explained or documented. As to the supplemental motion, Sub-Line simply adopts its previous arguments without providing any specific information about the supplemental fee entries.

The only claims on which Ms. Whitford is entitled to recover attorney fees are her successful federal claims, and the court agrees that she was only partially successful on her federal claims.  The jury returned a verdict in her favor on two claims in Count I (Title VII sexual harassment claim and Title VII hostile work environment claim), and her claim in Count II (Title VII retaliation claim).  However, as Sub-Line points out, Ms. Whitford did not succeed on the remaining federal claim:  the court entered judgment as a matter of law on her FLSA claim in Count VI, so she was only partially successful on her federal claims.

The court notes that some parts of the direct and cross-examinations of Ms. Whitford were focused on the number of hours she worked to establish an FLSA violation, and, contrary to Ms. Whitford's assertion, these examinations were not entirely duplicative of the information needed to determine when work overlap occurred with her harasser, James Connison.  Further, some of the pre-trial filings focused on the FLSA claim: "Plaintiff's Damages Itemization" items 1, 2, 7, 8 or of 4 of 10 total items (doc. 31);  motion *in limine* item F regarding Fair Labor Standards Act defenses (doc. 40, at 7); proposed jury instructions No. 19-22 out of 29 total proposed instructions.  Therefore, some of her attorneys' work involved the unsuccessful federal claim, and the fee request will have to be reduced.

In addition, three of the seven claims in the Complaint were state law claims, and Ms. Whitford cannot recover fees for those claims.  Although, as Ms. Whitford points out, much of the evidence supporting the state law claims duplicates those of the sexual harassment claims, time spent drafting those claims for the Complaint, and time spent crafting pretrial documents focused on the elements, proof, and other legal matters involving those state law claims is not compensable. For example, her motion *in limine* makes an argument about state claims—item G

state law defenses (doc. 40, at 7); and the proposed jury instructions involve state law claims: No. 12 (invasion of privacy) 13 (battery) 14 (assault) 15-17 (negligence) 18 (wanton) or 6 of 29 total proposed instructions (doc. 45). Therefore, some of her attorneys' work involved state law claims, and the fee cannot include reimbursement for that work.

      The court recognizes that this case was a contingency fee case, but the Plaintiff's lawyers are very experienced in fee-shifting cases, and should know that they must keep enough records to support future fee requests. When their complaints include state law claims, they are, or should be, savvy enough to make some effort to delineate between compensable work and non-compensable. And, of course, they must anticipate that not all federal claims may be successful, especially where, as here, the federal FLSA claim required different evidence distinct and separate from discrimination claims. The attorneys cannot tout their experience in such cases to support high fee rates and yet expect the court to accept their full fee request unreduced for work on unsuccessful claims and state law claims because they lumped all work together indiscriminately.

      Given the lack of delineation between compensable work versus non-compensable, the court will reduce the original fee by 25%, recognizing that Ms. Whitford succeeded on three out of four federal claims. The FLSA claim was a discrete federal claim that required, for the most part, separate evidence as proof and separate issues to be addressed at the pre-trial stage and at trial. The court recognizes that the state law work is not compensable, but it finds that most of the state law work was intertwined with the compensable work on Title VII claims. To the extent that it was not, the court nevertheless finds that 25% reduction is fair because some of the FLSA work addressing the hours she worked would overlap a bit—but not much—with the

evidence needed to support her discrimination claims regarding when her work and that of Mr. Connison coincided.  In so ruling, the court has also considered, in its discretion, the other relevant *Johnson* factors.   It has also considered Sub-Line's arguments that some time—such as studying the file, communicating and meeting with Ms. Whitford, and preparing for a cross examination of Heather Brown that never occurred—is not appropriately compensable. However, the court rejected those arguments.

As to the supplemental fee requests, the court recognizes the need to reply to the specific points made in the opposition briefs, but also notes that approximately five out of the twenty pages related to state law claims; therefore, the court also FINDS that the supplemental fee request is due to be reduced by 25%.  The court further notes that the supplement contains no declaration that the fees and costs are true and correct and reasonably expended; however, given the small number of entries, the court has the expertise to evaluate them, and, in its discretion, FINDS that the additional fee hours requested are reasonable when reduced by 25% .

### 3. Departure from Lodestar

After the 25% reduction based on noncompensable and unsuccessful claims, the court, in its discretion, sees no special circumstances requiring the further reduction or augmentation of the lodestar.

Accordingly, the court WILL GRANT IN PART and WILL DENY IN PART the request for attorney fees, reducing the requested fees by 25%. Therefore, the total fee requested of $181,925.00 will be reduced by 25% for a total attorney fee awarded of **$136, 443.75**.

### B. Costs

Ms. Whitford also requests reimbursement of expenses that total $8,595.05 plus $175.64

in the supplemental request. Jon Goldfarb's affidavit attaches an original pre-bill with a list of expenses by date and amount, but with scant description. Although Jon Goldfarb refers generally to the pre-bill expenses as "warranted" in his affidavit, he does not explain any of the entries in the affidavit. Many of the entries have a one-word explanation, such as "Scan" or "Prints." Some of these Scan/Print type of entries have a cost of less than $1.00, and most are less than $10.00, but some are more substantial. For example: $261.60 on 2/21/17; $51.40 on 7/29/16; $42.60 on 7/26/16, $26.60 on 2/21/17; $29.20 on 2/22/17; and three charges for $29.20 on 2/24/17; $36.00 on 2/27/17 and 2/26/17; $24.60 each for two sets of prints on 2/20/17; and $20.00 on 2/26/17.

Some of the LexisNexis research fees are substantial with no explanation of what the research entailed, so they may have related to state law or FLSA claims. Other expenses appear on their face to be excessive: $56.00 for a 4-inch binder, $144.00 for a 5-inch binder, $36.00 each for two 5-inch binders, and $67.20 for tabs.

The supplemental cost bill includes similar vague entries regarding "prints" and "scans" and LexisNexis research with no explanation of the subject of the research; for all the undersigned knows, the research may have related only to state law claims. The recording fee of $35.00, presumably to record the judgment, is reasonable and necessary

Sub-Line objects to the following expenses as excessive under Rule 54(d) of the Federal Rules of Civil Procedure and outside the category of costs permitted by 28 U.S.C. § 1920: service of process by AlaServe, LLC without explanation for the necessity; monthly postage expenses; overnight delivery or mail; LexisNexis research; courier charges; mileage and lodging and other expenses for mediation; photocopying and scanning without explanation of necessity or what was copied. Sub-Line makes no specific objection to the supplemental cost bill.

To the extent that Sub-Line argues that costs are limited to what Rule 54(d) and § 1920 authorize, the court rejects that argument and those limits.  The Eleventh Circuit has explained that "[w]here cost-shifting is expressly authorized by statute the traditional limitations of Rule 54(d) and 28 U.S.C. §§ 1920 and 1923(a) do not apply." *Dowdell v. City of Apopka,* 698 F.2d 1181, 1188-89 (11th Cir. 1983) (addressing which costs are appropriately awarded under 42 U.S.C. § 1988); *see Hensley*, 461 U.S. at 433 n. 7 (noting that § 1988 was patterned on the Title VII provisions and finding that the same standards govern them regarding attorney fees); *Jones v. United Space Alliance, LLC*, 494 F.3d 1306, 1310 (11th Cir. 2007) ("actions under § 1988 and Title VII are to be treated identically with concern to attorneys' fees").  The standard for addressing costs in Title VII cases is what costs are reasonable under the circumstances and can include costs reasonably incurred in case preparation, in litigation, and/or in settlement.  Accordingly, the court will evaluate, or *attempt* to do so, based on the information provided.

The reply brief filed on behalf of Ms. Whitford provides an explanation for one category of entries.  It states that the AlaServe fees "were made necessary by the fact that James Connison, Heather Brown, and Heather Cannon were no longer employed by Defendant, and Plaintiff was thus obligated to track them down and serve them with deposition subpoenas."  (Doc. 60, at 7).

With that explanation and the previous discussion in mind, the court FINDS that the following expense entries contain adequate explanation for the court to determine that they are reasonable and necessary and relate to successful, federal claims, and the court so finds:

> AlaServe LLC: James Connison on 6/28/16 for **$40.00** & 7/21/16 for **$105.00**
> AlaServe LLC:, Heather Cannon on 8/2/16 for **$105.00** and 9/8/16 for **$150.00**
> AlaServe LLC:, Kendra Dean on 8/2/16 for **$60.00**
> AlaServe LLC: Heather Cannon on 9/23/16 for **$65.00**

>AlaServe LLC:; Heather Brown on 2/24/17 of **$120.00**[3]
>filing fee of **$400.00**
>Alabama Department of Labor records for Desire Whitford of **$82.00**;
>witness fee for Heather Brown of **$124.88**
>witness fee for James Connison of **$111.82**,
>witness fee for Heather Cannon of **$54.58**
>court reporting fees for deposition of James Connison: **$379.05**
>court reporting fees for deposition of Heather Brown **$444.30**
>court reporting fees for deposition of Desire Whitford **$255.65**
>court reporting fees for deposition of Keith Comer **$607.85**
>court reporting fees for deposition of Heather Cannon **$357.80**
>mediation fees for Lehr Middlebrooks Vreeland & Thompson, PC: **$1,074.02**
>certified records fee for Circuit Court of Walker County: **$35.00**;
>hotel fees for Ms. Whitford for the trial in the amount of **$447.32**
>recording fee: **$35.00**
>postage fees of less than $10.00:
>    $2.52, $8.33, $.10; $1.86, $.49, $6.47, $6.47, $6.47, $.10, $.47, $6.47=**$39.75**
>
>These reasonable expenses total:    **$5,094.02**

The court WILL GRANT the original and supplemental motions to the extent that they request reimbursement for the costs listed in the preceding paragraph in the total amount of $5,094.02. However, the court WILL DENY the motions to the extent that they request reimbursement for the remaining expense items. The court has no way to evaluate whether the remaining expenses are reasonable and relate to successful, federal claims. Jon Goldfarb's affidavit and the reply brief provide little or no help. As discussed previously, Ms. Whitford's attorneys are very experienced in handling these cases with statutory fee awards. She and her attorneys had the opportunity to provide enough information so that the court could determine whether these remaining items were reasonable and necessary and related to the successful

---

[3] The cost bill also includes a process service fee and witness fee for Wendy Bowman without an explanation of who she is, why her testimony was needed, and to which claims her testimony relates.

federal claims, and yet, they failed to do so.

In sum, the court WILL AWARD to the Plaintiff an attorney fee of **$136,443.75** and costs in the amount of **$5,094.02**.

The court will enter a separate Order consistent with this Memorandum Opinion.

Dated this 23rd day of August, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE